## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SANJU SANJU,

   Petitioner,

  v.            Case No. 2:26-cv-00497-KWR-JMR

DORA CASTRO, *Warden of the Otero County
Processing*, TODD LYONS, *Acting Director of
Immigration and Customs Enforcement*, MARKWAYNE MULLIN,
*Secretary of the U.S. Department of Homeland Security*, and
TODD BLANCHE, *Acting Attorney General of the United States*,

   Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING AND RECORD

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner asserts that his detention is governed by 8 U.S.C. § 1226(a) because he had been released on supervised parole for more than three years before his arrest and re-detention. Pet. ¶¶ 1–6, Doc. 1. Petitioner did not indicate whether he was released on "parole" under 8 U.S.C. § 1182(d)(5)(A) or "conditional parole" under 8 U.S.C. § 1226(a)(2)(B) in February 2026. *See id.* ¶¶ 16–24. Respondents argue that Petitioner's detention is governed by § 1225(b) because, when Petitioner's parole was revoked, his status reverted back to § 1225(b)—the "custody from which he was paroled" under § 1182(d)(5)(A). Doc. 10 at 7.

To support his argument, Petitioner supplied the Court with documentation showing that Petitioner was paroled under § 1182 until November 2022. *See* Doc. 1-3. The Notice to Appear filed by Petitioner seems to indicate that he was not granted parole under § 1182 in March 2023. *See* Doc. 1-2. Respondents provided no documentation to support their position.

Therefore, the Court requests a further record to determine Petitioner's parole status in February 2026. The Court directs Respondents to submit a full history of Petitioner's detention and parole status, including a Form I-213, Record of Deportable/Inadmissible Alien, within **fourteen (14) days** of the entry of this order. The Court directs Petitioner to submit any other documentation within his possession to supplement the record as to his parole within **fourteen (14) days** of the entry of this order. If the parties are unable to submit the requested documentation, they should state whether and why the Court has a sufficient record to make a ruling.

Both parties shall also address whether Petitioner was released on "parole" under § 1182(d)(5) or "conditional parole under" § 1226(a)(2)(B) at the time of his arrest and re-detention in February 2026 within **fourteen (14) days** of this order.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE